**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALLEN DAVID DANIEL, #537193,

  Plaintiff,

              Case Number: 2:08-CV-13293
              Honorable Nancy G. Edmunds
              Magistrate Judge Charles E. Binder

v.

GREG MCQUIGGIN, et. al.,

  Defendants.

_____/

## OPINION & ORDER OF DISMISSAL

  Plaintiff, Allen David Daniel, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is currently incarcerated at Baraga Maximum Correctional Facility in Baraga, Michigan pursuant to convictions for malicious destruction of property, aggravated stalking, larceny in a building, home invasion, assault with intent to murder, and felony firearm. For the reasons stated below, the Court will dismiss Plaintiff's Complaint, with prejudice for failure to state a claim upon which relief can be granted, and as barred by the doctrine of *res judicata.*

  In order to state a claim under 42 U.S.C. §1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitutional or laws or he United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a §1983 claim will not lie. *Hakken v. Washtenaw County,* 901 F.Supp. 1245, 1249 (E.D. Mich. 1995). A *pro se* civil rights complaint is to be construed liberally. *Middleton v. McGinnis,* 860 F.Supp. 391. 392 (E.D. Mich. 1994).

Pursuant to 289 U.S.C. §§1915(e)(2)(B) and 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien,* 974 F.Supp. 635, 636 (E.D. Mich. 1997). Plaintiff has filed a rambling combination civil rights and habeas corpus pleading. He claims that: (1) he is being held hostage; (2) his prison conditions and confinement are illegal; (3) the courts have been used as an enterprise for purposes of a RICO action; (4) he is innocent of all of the crimes for which he has been convicted; (5) he was falsely arrested and falsely imprisoned, (6) he should be released on bond; (7) the MDOC has blocked his access to the courts; (8) the MDOC has taken his mail illegally; and (9) his attorney client privilege has been violated.

The Complaint is subject to dismissal because Plaintiff has failed to allege any facts which show each individual defendant's personal involvement or responsibility in the alleged constitutional violations.

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under §1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th cir. 1996); see also, *Johnson v. Freeburn,* 29 F.Supp.2d 764, 767 (E.D. Mich. 1998). A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. See *Hall v. United States,* 704 F.2d 246, 251 (6 th Cir. 1983).

Although, Plaintiff has listed and identified nineteen defendants and twenty-five John

Doe defendants in the caption of his Complaint, he entirely fails to identify them or explain anywhere in his Complaint their roles in the alleged violations. The Complaint is therefore subject to summary dismissal pursuant to §1915(e)(2)(B). See *Asberry v, Bisig,* 70 Fed. Appx. 247, 248-49 (6th Cir. 2003). Stated differently, Plaintiff's Complaint is subject to dismissal because Plaintiff has failed to allege with any degree of specificity which of the named defendants were personally involved in, or responsible for, each of the alleged violations of his federal rights. See *Frazier v. Michigan,* 41 Fed. Appx. 762, 764 (6th Cir. 2002); see also *Branham v. Jabe*, 853 F. 2d 926 (Table), 1988 WL 81713, * 1 (6th Cir. August 5, 1988) (district court properly granted summary judgment where prisoner in civil rights case failed to allege any personal involvement on the part of the defendants in the events complained of). Accordingly, the Court will dismiss Plaintiff's Complaint pursuant to § 1915(e)(2)(B).[1]

In addition, one of the claims contained in the present Complaint is barred by the doctrine of *res judicata*. On March 10, 2008, Plaintiff filed a *pro se* civil rights Complaint in which he alleged, in part, that "the Defendants . . . stole my mail . . ." *See Daniel v. Caruso*, 08-CV-11000 (E.D. Mich. Apr. 10, 2008), dkt. #1, p. 3. On April 10, 2008, Judge George Caram Steeh dismissed the complaint "as frivolous and for failure to state a claim under

---

[1] The Court notes that Plaintiff has previously filed two civil rights complaints in this court, both of which that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief can be granted. *See Daniel v. Granholm, et. al.,* 08-CV-10999 (E.D. Mich. April 11, 2008); *Daniel v. Caruso, et. al.,* 08-CV-11000 (E.D. Mich. April 10, 2008). Accordingly, Plaintiff is put on notice that this dismissal constitutes his "third strike" under the provisions of 28 U.S.C. § 1915(g), which prevents a prisoner who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Hurley v.Buentello,* 64 Fed. Appx. 418 (5th Cir. 2003); *Boles v. Matthews,* 173 F.3d 854 (Table), 1999 WL 183472 (6th Cir. March 15, 1999).

28 U.S.C. §§1915(e)(2)." *Id.* at dkt. #7, p. 3. According to the Sixth Circuit, a claim will be barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). All four requirements are satisfied with respect to the present claim. The doctrine of *res judicata* therefore bars this Court, or any other court, from considering the issue again.[2]

Finally, the pending complaint is frivolous and fails to state a claim because Plaintiff is challenging his state conviction. An attack on the fact or duration of confinement is more appropriate in a habeas corpus petition, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 & 499 n. 14 (1973). Plaintiff has no right to relief in a civil rights action unless the order or judgment holding him in custody has been invalidated by state officials or impugned in a federal habeas corpus action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck* the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[2]Moreover, the Sixth Circuit has stated that the doctrine of *res judicata* may be raised by the district court, *sua sponte*, "in the interest[] of . . . the promotion of judicial economy." *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989).

*Id.* at 486-87. See also *Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

Plaintiff has not shown that the judgment holding him in custody has been invalidated by state officials or impugned on federal habeas corpus review, and success in this action would demonstrate the invalidity of his confinement. Therefore, he has no right to the relief he seeks.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is dismissed with prejudice (1) for failure to state a claim upon which relief could be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and (2) as barred by the doctrine of *res judicata*.

**IT IS FURTHER ORDERED** that any appeal by Plaintiff would be frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                                    s/Nancy G. Edmunds  
                                    Nancy G. Edmunds  
                                    United States District Judge

Dated: April 7, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or

counsel of record on April 7, 2009, by electronic and/or ordinary mail.

                                          s/Carol A. Hemeyer
                                          Case Manager